UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

JAMES WILCHER, MARY POWER,  JESSIE
HEATON as parent and natural guardian of
DYLAN HEATON, and  JUSTIN KOLOGE by
and through Jeremy M. Kologe and Theresa
F. Kologe as plenary guardians of his person
and property,

     Plaintiffs,

              CASE NO.:

   -vs-

HEALTHPORT TECHNOLOGIES, LLC,
LAWNWOOD MEDICAL CENTER, INC.,
HCA HEALTH SERVICES OF FLORIDA, INC.
d/b/a ST. LUCIE MEDICAL CENTER, and ST.
MARY'S MEDICAL CENTER, INC.
   Defendants.
_____/

## COMPLAINT

   Plaintiffs, JAMES WILCHER, MARY POWER,  JESSIE HEATON as parent and

natural guardian of DYLAN HEATON, and  JUSTIN KOLOGE by and through Jeremy M.

Kologe and Theresa F. Kologe as plenary guardians of his person and property,

individually and on behalf of all other similarly situated citizens, by and through the

undersigned counsel, sues the Defendants, HEALTHPORT TECHNOLOGIES, LLC, ST.

MARY'S MEDICAL CENTER, INC., HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a

ST. LUCIE MEDICAL CENTER and LAWNWOOD MEDICAL CENTER, INC., and states:

   1.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## CLASS ACTION

   2.  This is a class action complaint brought pursuant to Fed. R. Civ. P. 23.

   3.  The class action seeks declaratory and injunctive relief and damages.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 2

4.     The combined damages for all of the class members exceeds $5,000,000.00.

5.     Defendant, LAWNWOOD MEDICAL CENTER, INC., is a hospital located in Ft. Pierce, St. Lucie County, Florida.

6.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, is an entity engaged in processing and fulfillment of medical records and imaging requests for contracted healthcare providers, including but not limited to the covered entities' compliance with HIPPA with regard to such requests.

7.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, enters into exclusive contracts with healthcare providers and/or their related entities for processing and fulfillment of medical records and imaging requests.

8.     HealthPort Technologies LLC services over 13,000 healthcare providers.

9.     HealthPort Technologies LLC processes over 75,000 medical records requests a day, equaling 3,000,000 pages per day.

10.     Based on the number of requests at issue, the Class is composed of at least thousands of persons, the joinder of whom is impracticable except by means of a class action.  The disposition of their claims in a class action will benefit both the parties and the Court.

11.     Over 60% of medical records requested are delivered electronically by HealthPort Technologies, LLC.

12.     Upon information and belief, Defendant has had national revenue of over $300,000,000 per year and over 20,000,000 records requests per year, and, thus, the

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 3

Class is sufficiently numerous to make joinder impossible.  An exact number of Class Members can be determined from discovery of Defendants' business records.

13.     The class shares questions of law regarding the interrelationship between federal and state laws regarding patient medical records requests, which include but are not limited to: the pre-emption of federal administrative regulations by the United States Constitution and/or federal statutes, pre-emption of HIPPA over state law, the permissible makeup of costs to be charged patients for copies of their medical records, and the relationship of attorney and client or agent and principal under Federal law.

14.     The claims and defenses are typical of the claims and defenses of the class.

15.     Plaintiffs are adequate representatives of the Class, because as stated in the preceding paragraph, Plaintiffs have interests in common with the proposed Class Members.  They will fairly and adequately protect the interests of the class.

16.     Litigating separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

17.     Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

18.     Plaintiffs bring this e deceptive and unfair trade practices claim as a Class Action against Defendant, HealthPort pursuant to Fed. R. Civ. P. 23, individually and on behalf of a "Class" and "Class Members" consisting of the following similarly situated persons:

> All patients and the legal representatives of patients who requested copies of medical records (including medical bills) directly or through their attorneys, which were processed, billed or otherwise responded to by Defendant, HealthPort Technologies, LLC (including any person or entity subrogated to said persons' interests).

19.     The Class consists of three types of persons: 1) those who are uncertain of their obligation to pay for medical records provided by Defendants and could be sued by Defendants for collection; 2) those who believe they have overpaid for copies of their medical records; and 3) those who would like to obtain copies of medical records and are uncertain of their obligation to pay for them per page.

20.     The "Class Period" commences no earlier than five years prior to the date of the filing of this lawsuit, through the date that the Court certifies this suit as a class action. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person.  Also excluded is any trial judge who may preside over this cause.

21.     Each class member who had made payment has suffered the below enumerated actual damages:

As a direct and proximate cause of the Defendants' course of conduct, Plaintiff suffered actual damages in the amount of the overcharges.

22.     The interests of the Plaintiffs are coincident with, and not antagonistic to, those of other members of the Class.

23.     There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented.  Common questions of law or fact predominate over any questions affecting only individual members of the Class.  Common questions include, but are not limited to, the following:

a)  The contractual obligation to pay for copies of the medical records and seeks declaratory judgment regarding her or her rights and obligations under a contract to obtain medical records.

b)  Whether state statutes including but not limited to Florida Statutes pertaining to charges for copies of medical records are pre-empted by HIPPA, including but not limited to 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4), when the records are requested by the patient or his legal representative.

c) Whether state statutes including but not limited to Florida Statutes pertaining to charges for copies of medical records are pre-empted by HIPPA, including but not limited to 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4), when the records are requested by an attorney as the agent and disclosed representative of a patient or his legal representative.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 6

d) Whether state statutes including but not limited to Florida Statutes pertaining to medical records are pre-empted by HIPPA and thus, Defendants may only charge their actual costs.

e) Whether Plaintiff and her attorneys are is considered legally one as applied to a contract for the provision of medical records.

f) Whether Defendants may only charge patients, personally legally entitled to said patient's medical records and their attorneys and for the actual costs of providing said medical records.

g) Whether Defendants basic, retrieval, and electronic delivery fees are unlawful as applied to requests from patients.

h) What amount Plaintiff is obligated to pay for said medical records (its actual cost).

I) As a subclass limited to the State of Florida, whether Defendants' conduct violated Florida's Deceptive and Unfair Trade Practices Act;

j) Whether the Florida Class Members have been damaged as the result of the above unlawful conduct and, if so, the extent of such damages, and/or the nature of the equitable relief, which the Class is entitled to plead and prove.

k) Whether the Florida Class Members are entitled to a declaratory and injunctive relief pursuant to Fla. Stat. 501.211(1).

24.     The class action method is appropriate for the fair and efficient prosecution of this action.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 7

25.     Individual litigation of all claims which might be assessed by all Class Members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years.  Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of Defendants.

26.     The certification of a Class would allow litigation of claims that, in view of the expense of the litigation, may be insufficient an amount to support separate actions.

27.     Accordingly, Plaintiffs bring this action on behalf of themselves and on behalf of all other members of the Classes defined above.

28.     Plaintiffs' counsel has litigated two separate cases against Defendant, HEALTHPORT TECHNOLOGIES, LLC, in the past, has identified and investigated potential claims for this case, and will devote the time and financial resources necessary to prosecute this action.

## ALLEGATIONS AS TO REPRESENTATIVE WILCHER

29.     Defendant, ST. MARY'S MEDICAL CENTER, INC. maintains electronic medical records.

30.     Defendant, ST. MARY'S MEDICAL CENTER, INC. maintains electronic medical records for Renee Joyner Powell.

31.     On or about October 1, 2014, Plaintiff requested copies of his late wife, Renee Joyner Powell's medical records from Defendant, ST. MARY'S MEDICAL CENTER, INC. pursuant to Fla. Stat. § 766.204. Exhibit "A."  The request stated, in pertinent part:

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 8

>       I, James Wilcher, as surviving spouse and personal
>   representative of Renee Joyner Powell, have signed this
>   correspondence and thereby, requests that you forward a
>   complete copy of all medical records [...] regarding Renee
>   Joyner Powell to me, in care of my lawyers within 10 days
>   pursuant to Florida Statute § 768.204.

Exhibit "A" (emphasis deleted).   The correspondence also specifically requested the

documents on CD and advised Defendants that the cost thereof was limited by 42 U.S.C.

§ 17935(e)(2) and 45 C.F.R. § 164.524(c)(4).

     32.    On October 17, 2014, Defendant, HEALTHPORT TECHNOLOGIES, LLC's

demanded payment from Plaintiff's counsel individually.   Exhibit "B."   It included the

statement:

>   IF THERE IS NO RESPONSE WITHIN 7 DAYS, RECORDS
>   WILL BE RELEASED WITH AN INVOICE AND YOU WILL BE
>   RESPONSIBLE FOR THE FULL AMOUNT OF THE INVOICE.

Exhibit "B" (emphasis in original).

     33.    On October 20, 2014, Plaintiff responded to Defendant, HEALTHPORT

TECHNOLOGIES, LLC's demand for payment:

>   In response to your October 17, 2014 faxed correspondence,
>   Mr. Wilcher requested that you forward his medical records to
>   him. Accordingly, we do not understand why you have chosen
>   to bill our firm. Understand that **Florida Statute § 766** require
>   that St. Mary's Medical Center to provide those records within
>   10 days of his request.   Any delay will result in the waiver of
>   the presuit time period and you cannot withhold those records
>   by demanding prepayment from Mr. Wilcher.
>
>    If you have any questions regarding this matter, please do not
>   hesitate to contact this office.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 9

Exhibit "C."

34.     On October 21, 2014, Plaintiff received Defendant, HEALTHPORT

TECHNOLOGIES, LLC, provided the medical records along with an invoice directed to

Plaintiff's counsel and his firm demanding payment:

| | | |
|---|---|---|
| Basic Fee | $1.00 | |
| Per Page Copy (Paper) 1 | $1.00 per page | Total: $136.00 |
| Electronic Delivery Fee | $3.00 | |

Exhibit "D."

35.     The demanded amount has been paid.

## ALLEGATIONS AS TO REPRESENTATIVE POWER

36.     Plaintiff, Mary Power, was a patient at Martin Memorial Hospital Tradition.

37.     Upon information and belief, Martin Memorial Hospital Tradition entered into

a contract with HEALTHPORT TECHNOLOGIES, LLC to address requests for patient

medical records.

38.     Patient medical records are maintained electronically at Martin Memorial

Hospital Tradition.

39.     Upon information and belief, Martin Memorial Hospital Tradition entered into

a contract with HEALTHPORT TECHNOLOGIES, LLC to provide copies of patient medical

records for their own mutual profit.

40.     On or about September 26, 2014, Plaintiff, Mary Power, requested copies of

his medical records from Martin Memorial Hospital Tradition for her son who was born at

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 10

that facility. Exhibit "E."  (Redacted of pursuant to Court Rules).  The request stated, in

pertinent part:

>   This letter serves to notify you that I, Mary Power, have retained Steinger, Iscoe & Greene, P.A. to investigate potential claims for medical malpractice which occurred on our about August 25, 2014.
>
>   I, Mary Power, have signed this correspondence and thereby, requests that you forward a complete copy of all of medical records in your, your insurers, subsidiaries, parent companies, agents and attorneys possession or control regarding Caiden Plummer, to me in care of my lawyers **within 10 days pursuant to Florida Statutes § 768.204.**.
>
>   My properly executed medical authorization requesting these records is enclosed.  Note that the authorization form and this correspondence clearly and expressly ask that you transmit the requested records to me via my (the patient's) designee under 45 CFR §164.524(c)(3)(ii).   Copies of the records in the requested electronic format should be sent to me at the address shown on this letterhead.
>
>   I, Mary Power, specifically request that you provide the **copies in PDF format on CD**, per the requirements of 45 CFR §164.524(c)(2)(ii).[1]

---
[1]

>   [1]As you know, this Federal Regulation preempts Florida state law and provides, in pertinent part:
>
>   [I]f the protected health information that is the subject of a request for access is maintained in one or more designated record sets electronically and if the individual requests an electronic copy of such information, the covered entity must provide the individual with access to the protected health information in the electronic form and format requested by the individual . . .

45 CFR §164.524(c)(2)(ii).

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 11

The scope of this request includes, but is not limited to:

**intake forms, medical records, doctor's notes, nurse notes, autopsy reports, radiology reports, anesthesia records, complaints, correspondence, statements, recordings, alerts, films, studies, tests, and an itemized statement of all charges, payments and balance due, any Fla. Const. Art. X, § 25 aka Amendment VII, adverse medical incidents, peer review, or other reports or findings.**

As you should be aware, 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4) limit the cost of obtaining the records to the actual labor costs for reproducing them in the requested electronic format, the actual cost of the portable media (in this case CD), and postage.  While we would never expect the costs thereof to be in excess of $25.00,  **please contact us if the cost of compliance is expected to exceed $75.00.**

Thank you for your compliance with this request within 10 days of your receipt of this letter as required by 45 CFR §164.524(b)(2)(I) and Fla. Stat. § 766.204.  If you have any questions regarding this matter, please do not hesitate to contact my lawyers.

Exhibit "E."

41.    On September 30, 2014, Plaintiff's counsel received Defendant, HEALTHPORT TECHNOLOGIES, INC.'s response to Plaintiff's request for medical records including Mary Power's own medical records.  The invoice is attached hereto as Exhibit "F."

42.    Despite the request being clear on its face that it was from Plaintiff, Mary Power, HEALTHPORT TECHNOLOGIES, LLC demanded her counsel pay:

_____

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 12

Copies at $1.00 per page          $392.00

Basic Fee:   $1.00

Electronic Delivery Fee:          $3.00

Exhibit "F."

43.     Plaintiff, Mary Power, has not paid the demanded amount and is uncertain of her obligation to do so.

## ALLEGATIONS AS TO REPRESENTATIVE KOLOGE

44.     Plaintiff, Justin Kologe, is a developmentally disabled adult.

45.     Jeremy M. Kologe and Theresa F. Kologe has been appointed plenary guardians of Justin Kologe's person and property.

46.     Plaintiff, Justin Kologe, was a patient at Defendant, HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a ST. LUCIE MEDICAL CENTER.

47.     Upon information and belief,  Defendant, HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a ST. LUCIE MEDICAL CENTER, entered into a contract with HEALTHPORT TECHNOLOGIES, LLC to address requests for patient medical records.

48.     Patient medical records are maintained electronically at Defendant, HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a ST. LUCIE MEDICAL CENTER.

49.     Upon information and belief,  Defendant, HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a ST. LUCIE MEDICAL CENTER, entered into a contract with

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 13

HEALTHPORT TECHNOLOGIES, LLC to provide copies of patient medical records for their own mutual profit.

50.     On January 30, 2013, Plaintiff, Justin Kologe, through his disclosed agents and attorneys, Steinger, Iscoe & Greene, P.A., requested a copy of his medical bill. Exhibit "G."  (Redacted of pursuant to Court Rules).

51.     On February 25, 2013, Plaintiff's counsel received Defendant, HEALTHPORT TECHNOLOGIES, INC.'s response to Plaintiff's request for medical records.  The invoice is attached hereto as Exhibit "H."

52.     Despite the request being clear that Steinger, Iscoe & Greene, P.A. was the disclosed agent and attorney of Justin Kologe, HEALTHPORT TECHNOLOGIES, LLC demanded his counsel pay:

**Basic Fee:   $10.00**

**Shipping:    $0.66**

**Sales Tax:   $0.69**

Exhibit "H."   The actual medical bill requested was three pages.

53.     This amount was paid.

54.     On or about May 7, 2013, Plaintiff, Justin Kologe, through his disclosed agents and attorneys, Steinger, Iscoe & Greene, P.A., requested copies of his medical records. Exhibit "I."  (Redacted of pursuant to Court Rules).

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 14

55.    On May 14, 2013, Plaintiff's counsel received Defendant, HEALTHPORT TECHNOLOGIES, INC.'s response to Plaintiff's request for medical records.  The invoice is attached hereto as Exhibit "J."

56.    Despite the request being clear that Steinger, Iscoe & Greene, P.A. was the disclosed agent and attorney of Justin Kologe, HEALTHPORT TECHNOLOGIES, LLC demanded his counsel pay:

   Copies at $1.00 per page          $36.00

   Basic Fee:   $1.00

   Electronic Delivery Fee:          $3.00

Exhibit "J."

57.    This amount was paid.


## ALLEGATIONS AS TO REPRESENTATIVE HEATON

58.    Defendant, LAWNWOOD MEDICAL CENTER, INC., maintains electronic medical records for Plaintiff, JESSIE HEATON, as parent and natural guardian of DYLAN HEATON.

59.    On or about December 30, 2014, Plaintiff, JESSIE HEATON, inquired about obtaining a copy of her son's medical records from Defendant, LAWNWOOD MEDICAL CENTER, INC. at its website: http://lawnwoodmed.com/patients/medical-records.dot.

60.    The website stated:

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 15

Request for medical records will be processed by HealthPort,
at the Centralized Processing Center in Orange Park, Florida.

If you are interested in obtaining a copy of your medical
records, please print and complete the following two forms and
send them to the address or fax number listed below:

* Authorization for the Release of Protected Information
* Fee Acknowledgment

Orange Park HSC
Attn: Release of Information
335 Crossing Blvd.
Orange Park, FL 32073
Fax: 855.668.0697

Please allow 5-7 business days for the receipt of your medical
records. Should you need to check the status of your request,
please call 1.888.616.5721.

Exhibit "K."

61.     The "Authorization for the Release of Protected Information" is a HIPPA-
compliant authorization for medical records.  Exhibit "L."

62.     The HealthPort "Fee Acknowledgment" form states that medical records
would be provided at a cost of $0.25 per page.  Exhibit "M"

63.     Plaintiff, JESSIE HEATON, understands that the charges for providing her
son's medical records are limited by 42 U.S.C. § 17935(e)(2) and 45 C.F.R. §
164.524(c)(4).

64.     Plaintiff, JESSIE HEATON, believes that $0.25 exceeds or otherwise is not
the amount permitted by 42 U.S.C. § 17935(e)(2) and 45 C.F.R. § 164.524(c)(4) to obtain

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 16

copies of patient medical records and asks the Court to determine same with respect to her son's medical records.

65.     The HealthPort "Fee Acknowledgment" form also states:

> Requests for records to be sent to a third party (attorney, insurance company) can only be completed with a request and authorization directly from that party. If you desire records for this purpose or for your own personal use, the records will be mailed to you and the following fees will apply.

Exhibit "M"

66.     Plaintiff, JESSIE HEATON,  believes that HealthPort's refusal to provide records at her request violates HIPPA and asks the Court to determine whether she can direct that records be sent to her son's records be sent in care of her own attorneys or anyone else.

## GENERAL ALLEGATIONS

67.     Federal and Florida laws are written into every contract in the State of Florida.

68.     Defendant is therefor asserting an unlawful contract of adhesion (and corresponding debt upon compliance with providing said records).

69.     Defendants sought payment from Plaintiff's counsel and not Plaintiffs (except for Plaintiff HEATON)  presumably in an attempt to assert unlawful fees.  Even if the request could be construed as one by Plaintiff's disclosed agent, Defendants could not charge Plaintiff any additional sums over cost.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 17

## COUNT I

70.     Plaintiff realleges and incorporated the allegations set forth in paragraphs 1-70 above.

71.     This is a declaratory action involving amounts within the jurisdictional limits of this Court.

72.     All conditions precedent have been performed or have occurred.

73.     Plaintiffs are uncertain about their contractual obligations regarding obtaining copies of their medical records.

74.     A federal administrative regulation is controlled by statute or the Constitution. In the event of a conflict with a federal administrative regulation, the federal statute controls over the regulation and the U.S. Constitution controls over the statute.

75.     Plaintiffs are entitled to equal protection and due process under the United States and Florida Constitutions.

76.     Defendants have threatened to invoke legal proceedings against at least one Plaintiff to collect a debt and/or interpret a contract.  Equal protection demands that an alleged debtor have the same right to court action as the person or entity to whom a debt is allegedly owed.

77.     Plaintiff asks the Court to declare whether any federal administrative regulations (or *dicta* therein) that arguably limit court action involving HIPPA are pre-empted by the United States Constitution and/or federal statutes as applied to disputes over charges for patient contracts for copies of their medical records.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 18

78.     Plaintiff asks the Court to declare whether any federal administrative regulations that arguably limit court action involving HIPPA pre-empt state consumer protection laws.

79.     Plaintiff asks the Court to declare whether Florida Statutes and other state statutes pertaining to charges for copies of medical records are pre-empted by HIPPA, including but not limited to 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4).

80.     Plaintiff asks the Court to declare whether Florida Statutes and other state statutes pertaining to charges for copies of medical records are pre-empted by HIPPA, including but not limited to 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4), when the records are requested by the patient or his legal representative.

81.     Plaintiff asks the Court to declare whether Florida Statutes and other state statutes pertaining to medical records are pre-empted by HIPPA and thus, Defendants may only charge their actual costs.

82.     Plaintiff asks the Court to declare whether Plaintiff and her attorneys are is considered legally one applied to a contract for the provision of medical records.

83.     Plaintiff asks this Court to declare that Defendants may only charge patients, personally legally entitled to said patient's medical records and their attorneys and for the actual costs of providing said medical records and the permissible makeup of costs to be charged patients for copies of their medical records.

84.     Plaintiff asks this Court to declare that Defendants basic, retrieval, and electronic delivery fees are unlawful as applied to requests from patients.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 19

85.     Plaintiff asks this Court to declare what amount patients are obligated to pay for their medical records on a per page copied or printed and for a DVD, USB, CD or electronic delivery.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand the following relief against Defendants:

a) entry of an Order certifying this matter as a class action;

b) declaratory judgment;

c) attorney's fees, and costs;

d) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

## COUNT II
## REFORMATION

86.     Plaintiff realleges and incorporated the allegations set forth in paragraphs 1-86 above.

87.     Patients often are taken to the nearest hospital after being injured in a crash and have no ability to decide where to go.

88.     Because of Defendant, HEALTHPORT TECHNOLOGIES, LLC's exclusive contracts, patients have no ability to obtain their medical records from any source other than through it.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 20

89.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, utilizes a unilateral form and makes a unilateral decision regarding the charges.  There is no ability to bargain with Defendant, HEALTHPORT TECHNOLOGIES, LLC, with respect to a patient obtaining his or her medical records.

90.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, refuses to negotiate its charges and unilaterally decides the applicability of its charges.

91.     Since Defendant, HEALTHPORT TECHNOLOGIES, LLC, is the sole source of a patient's medical records, any contracts entered into are contracts of adhesion.

92.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, is aware of 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4) but fails to comply with it as to the permissible charges for copies of patient medical records.

93.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, ignores 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4) rather than bury it in fine print.

94.     The contracts should be reformed because either 1) Defendant, HEALTHPORT TECHNOLOGIES, LLC, omits the content of 42 USC § 17935(e)(2) and 45 CFR §164.524(c)(4) to perpetrate a fraud upon patients or to induce them to mistakenly overpay for copies of medical records, or 2) the parties intended that the charges should be consistent with HIPPA and Defendant, HEALTHPORT TECHNOLOGIES, LLC's charges were the result of mutual mistake.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 21

95.     Defendant, HEALTHPORT TECHNOLOGIES, LLC, should be placed back
into the position that it should have been had it complied with 42 USC § 17935(e)(2) and
45 CFR §164.524(c)(4).

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,
demand the following relief against Defendants:

a) entry of an Order certifying this matter as a class action;

b) entry of an Order reforming the contracts of the class with Defendants placing the
parties into the position they should have been had Defendants complied with 42 USC §
17935(e)(2) and 45 CFR §164.524(c)(4);

c)   entry of an Order requiring Defendants to refund the overpayments; and

d) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

### COUNT III
### UNJUST ENRICHMENT

96.     Plaintiff realleges and incorporated the allegations set forth in paragraphs 1-
86 above.

97.     Based upon Defendants' demand for payment to obtain medical records,
Plaintiff and/or those similarly situated paid Defendants an amount in excess of what
Defendants were legally entitled to be paid.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 22

98.     Defendants accepted and retained said payment despite it would be inequitable for them to do so.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand the following relief against Defendants:

a) entry of an Order certifying this matter as a class action;

b) entry of an Order requiring Defendant to repay the amount paid that was above that to which it was legally entitled;

d) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.


## COUNT IV
## CONVERSION

99.     Plaintiff realleges and incorporated the allegations set forth in Counts I-III above.

100.    By their actions described above, the Defendant has converted the Plaintiffs' property (money), in the unjustified, willful interference with property of the Plaintiffs (i.e. money) which deprives a person entitled to the property of possession.

101.    The Defendant should be required to disgorge their improperly converted profits by the Court's powers in equity.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand the following relief against Defendants:

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 23

a) entry of an Order certifying this matter as a class action;

b) entry of an Order requiring Defendant to repay the amount paid that was above

that to which it was legally entitled;

c) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

**FLORIDA SPECIFIC CLASS**

**COUNT V**
**Florida Deceptive and Unfair Trade Practices Act**

102.   Plaintiff realleges and incorporated the allegations set forth in paragraphs 1-

102 above, except paragraph 19.

103.   Plaintiffs bring this claim as a Class Action against Defendant, HealthPort

pursuant to Fed. R. Civ. P. 23, individually and on behalf of a "Class" and "Class Members"

consisting of the following similarly situated persons:

> All patients and the legal representatives of patients who requested copies of
> medical records (including medical bills) from a Florida healthcare provider, directly
> or through their attorneys, which were processed, billed or otherwise responded to
> by Defendant, HealthPort Technologies, LLC.

104.   This Count is brought pursuant to the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et seq.

105.   At all times material hereto, Plaintiffs and all members of the Class were

consumers within the meaning of section 501.203, Fla. Stat., and are entitled to relief

under   the   FDUTPA   in   accordance   with   Fla.   Stat.   §   501.211.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 24

106.   At all times material hereto, Defendants, conducted trade and commerce within the meaning of Fla. Stat. § 501.203.

107.   The FDUTPA, Fla. Stat. § 501.204, provides in pertinent part:

Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in conduct of any trade or commerce are hereby declared unlawful.

108.   In Fla. Stat. § 501.204, the Florida Legislature has declared that the purpose of the FDUTPA is to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

109.   Defendant knows that it cannot charge a patient or legal representative more than its actual costs for copies of medical records but has attempted to collect and has collected more than that lawful amount in violation of Fla. Stat. § 559.72.

110.   Plaintiff requests that the Court declare that Defendants' conduct constitutes an unfair and deceptive trade practice.

111.   Defendants have violated, are violating, or is otherwise likely to violate FUDTPA and Plaintiffs are entitled to enjoin said conduct.

112.   Plaintiff asks this Court to enjoin Defendants from charging patients, persons legally authorized to obtain a patient's medical records and their attorneys, more than the actual labor, supplies (if any) and postage (if any) of providing said medical records.

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 25

113.    Plaintiff asks this Court to declare that Defendants basic, retrieval, and electronic delivery fees are unlawful.

114.    Plaintiff asks this Court to enjoin Defendants from charging basic, retrieval, and electronic delivery fees.

115.    Plaintiff has incurred and is entitled to attorney's fees and legal assistant fees pursuant to Fla. Stat. § 501.2105.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand the following relief against Defendants:

a) declaratory relief;

b) injunction;

c) attorney's fees and costs.

d) entry of an Order certifying this matter as a class action;

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

## COUNT VI
## Unlawful Debt

116.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-102 above except paragraph 19.

117.    Plaintiffs bring this claim as a Class Action against Defendant, HealthPort pursuant to Fed. R. Civ. P. 23, individually and on behalf of a "Class" and "Class Members" consisting of the following similarly situated persons:

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 26

All patients and the legal representatives of patients who requested copies of medical records (including medical bills) from a Florida healthcare provider, directly or through their attorneys, which were processed, billed or otherwise responded to by Defendant, HealthPort Technologies, LLC.

118.   Defendants have attempted to collect an unlawful debt in violation of Fla. Stat. § 559.72(9).

119.   Plaintiff seeks to enjoin Defendants pursuant to Fla. Stat. § 559.77 from charging Plaintiff or any patient via his or her attorney more than their actual costs.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand the following relief against Defendants:

a) entry of an Order certifying this matter as a class action;

b) injunctive relief;

c) interest, attorney's fees, and costs;

d) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

## COUNT VII
## FDUTPA DAMAGES

120.   Plaintiff realleges and incorporated the allegations set forth in Counts V-VI above.

121.   Plaintiffs are entitled to actual damages for their losses suffered as a result of the violation of FDUTPA: the amount of their payment less the amount lawfully owed plus attorney's fees and costs.  Fla. Stat. § 501.211(2).

Wilcher et al v. HealthPort Technologies, LLC, etal
Complaint
Case No:
Page 27

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

demand the following relief against Defendants:

a) entry of an Order certifying this matter as a class action;

b) entry of an Order requiring Defendant to repay the amount paid that was above

that to which it was legally entitled;

c) such other relief as the Court may deem just and proper.

Plaintiffs demand trial by jury of all issues so triable as a matter of right.

Dated: August 14, 2015.

Respectfully submitted,

**Steinger, Iscoe & Greene, P.A.**
/s/ Alfred R. Bell, Jr., Esquire
Alfred R. Bell, Jr., Esquire
abell@injurylawyers.com
Florida Bar No. 109649
507 NW Lake Whitney Place
Port St. Lucie, FL 34986
Telephone: (772) 621-9934
Facsimile: (772) 621-9954
Attorneys for Plaintiffs