**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

| | |
|---|---|
| JAMES WILCHER, MARY POWER, JESSIE HEATON as parent and natural guardian of DYLAN HEATON, and JUSTIN KOLOGE by and through Jeremy M. Kologe and Theresa F. Kologe as plenary guardians of his person and property, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHPORT TECHNOLOGIES, LLC, LAWNWOOD MEDICAL CENTER, INC., HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a ST. LUCIE MEDICAL CENTER, and ST. MARY'S MEDICAL CENTER, INC., <br><br> Defendants. | Case No.: **2:15-CV-14297-RLR** |

**DEFENDANT LAWNWOOD MEDICAL CENTER, INC.'S AND
HCA HEALTH SERVICES OF FLORIDA, INC.'S MOTION TO DISMISS
AND BRIEF IN SUPPORT THEREOF**

Defendant HealthPort Technologies, LLC ("HealthPort") has filed a Motion to Dismiss that sets forth numerous reasons why Plaintiffs' claims fail and should be dismissed against **all** Defendants. Lawnwood Medical Center, Inc. ("Lawnwood") and HCA Health Services of Florida, Inc. d/b/a St. Lucie Medical Center ("St. Lucie") hereby adopt and incorporate by reference all of the arguments HealthPort made in its Motion to Dismiss. In this Motion, Lawnwood and St. Lucie move to dismiss on additional grounds that are specific to them.

I.      STATEMENT OF THE RELEVANT FACTS AS PLED BY PLAINTIFFS

The gravamen of the Complaint is that Plaintiffs were allegedly overcharged, or threatened to be overcharged, for medical records. But, even crediting Plaintiffs' allegations as true, the Complaint still casts far too wide a net because it only pleads misconduct by HealthPort.[1] Nowhere in the Complaint do Plaintiffs allege that Lawnwood or St. Lucie charged or threatened to charge any of the Plaintiffs for medical records or otherwise engaged in any wrongdoing. The Complaint fails to identify any alleged wrongdoing by Lawnwood or St. Lucie because these defendants simply were not involved in the process of providing Plaintiffs with the medical records they requested. Plaintiffs' own allegations prove this point:

**Plaintiff Wilcher** – Plaintiff Wilcher alleges that he was overcharged for medical records relating to treatment his late wife received at St. Mary's Medical Center, Inc. Complaint ¶¶ 31-33. Because St. Mary's has no affiliation with Lawnwood or St. Lucie, Plaintiff Wilcher's claims are directed solely at other Defendants. That is, Plaintiff Wilcher does not allege that Lawnwood or St. Lucie engaged in any wrongdoing.

**Plaintiff Power** – Plaintiff Power alleges that she was overcharged for medical records relating to treatment she received at Martin Memorial Hospital. *Id.* ¶¶ 38-40. Because Martin Memorial Hospital has no affiliation with Lawnwood or St. Lucie, Plaintiff Power's claims are directed at other Defendants. Plaintiff Power does not allege that Lawnwood or St. Lucie engaged in any wrongdoing.

**Plaintiff Kologe** – Plaintiff Kologe alleges that on two occasions he requested a copy of medical records relating to treatment he received at St. Lucie. *Id.* ¶¶ 50, 54. According to the Complaint, in both instances "**Defendant, HEALTHPORT TECHNOLOGIES, INC.'s respon[ded] to

---

[1] Even the assertions against HealthPort are insufficient, as they consist of nothing more than formulaic, boilerplate assertions of the elements of each of the causes of action.

1

**Plaintiff's request** for medical records," and **HealthPort** invoiced his attorney for payment. *Id.* ¶ 51, 55 (emphasis added). Exhibits H and J to the Complaint confirm that HealthPort, and not St. Lucie, billed Plaintiff Kologe's counsel for the medical records. *Id.*, Exs. H, J.

Significantly, Plaintiff Kologe does not and cannot allege that St. Lucie sent him or his counsel an invoice or otherwise demanded payment for medical records. Nor does Plaintiff Kologe allege that he, as opposed to his counsel, paid HealthPort's invoice for the medical records he received.

**Plaintiff Heaton** – Plaintiff Heaton contends that she reviewed Lawnwood's website to gain information about obtaining a copy of her son's medical records and that, according to the website, "[r]equests for medical records **will be processed by HealthPort**" and that she can obtain medical records by completing a "**HealthPort** 'Fee Acknowledgement' form." *Id.* ¶¶ 59-62 (emphasis added). Plaintiff Heaton attached to the Complaint a copy of HealthPort's Fee Acknowledgment form, which reads in pertinent part:

> By my signature below, I acknowledge that I am aware of the fee for copies of medical records. I agree to pay this fee when I receive an invoice from *HealthPort*.

*Id.*, Ex. M (emphasis added).

Plaintiff Heaton also alleges that the HealthPort Fee Acknowledgment form violates HIPAA in stating that any medical records she requests will be sent directly to her, and not to her attorneys. *Id.* ¶ 66. This allegation is directed only at HealthPort: "Plaintiff, JESSIE HEATON, believes that **HealthPort's** refusal to provide records at her request violates HIPAA." *Id.* (emphasis added).

Significantly, Plaintiff Heaton does not allege that: (i) she actually completed HealthPort's Fee Acknowledgement form or otherwise requested any medical records; (ii) **Lawnwood** ever charged or threatened to charge her a fee for medical records or (iii)

2

**Lawnwood** refused to send medical records to her or her attorneys. At best, Plaintiff Heaton alleges that she went to a website, thought about ordering medical records, but never actually ordered them.

Accordingly, Plaintiffs' claims against Lawnwood and St. Lucie should be dismissed.

## II. APPLICABLE LEGAL STANDARD

While a Complaint is not required to contain extensive details, "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus,

> [T]o survive a motion to dismiss, a plaintiff must file a complaint containing fact allegations that are plausible on their face: a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that defendant is liable for the misconduct alleged.

*Henderson v. JP Morgan Chase Bank*, *N.A.*, 436 App'x 935, 937 (11th Cir. 2011). A complaint that "tenders naked assertions devoid of further factual enhancement" is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

## III. THIS COURT LACKS SUBJECT MATTER JURISDICTION

### A. Plaintiffs Do Not Allege a Federal Question.

Plaintiffs contend that this Court has "federal question" jurisdiction over this matter under 28 U.S.C. § 1331. Complaint ¶ 1. But, Plaintiffs do not assert a single cause of action under federal law. Rather, Plaintiffs assert claims under state consumer protection statutes, as well as state law claims for conversion and unjust enrichment. *Id.* ¶¶ 70-121. While Plaintiffs mention HIPAA in their Complaint, there is no private cause of action under HIPAA, and

therefore it cannot confer federal question jurisdiction in this Court. *Crawford v. City of Tampa,* 397 F. App'x 621, 623 (11th Cir. 2010) (no private right of action under HIPAA).

Plaintiffs' request for declaratory relief also does not provide a basis for federal jurisdiction. "Federal question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Household Bank v. JFS Group,* 320 F.3d 1249, 1259 (11th Cir. 2003). Here, the Complaint does not contain facts demonstrating a basis upon which Lawnwood or St. Lucie "could file a coercive action [against Plaintiffs] arising under federal law." *Id.* First, there are no allegations that Lawnwood or St. Lucie sent Plaintiffs any invoices that could form the basis of an action by Lawnwood or St. Lucie against them. Second, there are no federal questions here, and any amounts Plaintiffs owe (a different party) for medical records are well below the $75,000 threshold required for diversity jurisdiction. *See, e.g.,* Complaint ¶ 34 (copy costs of $136); *Id.* ¶¶ 52, 56 (copy costs under $52).[2]

**B.   Plaintiffs Lack Standing Because the Alleged Injury Was Suffered By Their Counsel and Not Them.**

As set forth in detail in HealthPort's Motion to Dismiss, Plaintiffs lack standing to assert any claims against Lawnwood or St. Lucie because they have not suffered any cognizable injury-in-fact.[3] *See Fla. Family Policy Council v. Freeman,* 561 F.3d 1246, 1253 (11th Cir. 2009)

---

[2] Plaintiffs do not allege jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d). Thus, they cannot aggregate the alleged value of all class members' claims to meet the $75,000 threshold. *See, e.g., Indiana Lumbermens Mut. Ins. Co. v. Lumber One Wood Preserving, LLC*, 2014 WL 4681773 (N.D. Ala. Sept. 16, 2014).

[3] Lawnwood and St. Lucie incorporate by reference the arguments made in HealthPort's Motion to Dismiss.

("plaintiff must have suffered an injury in fact"). Plaintiffs bear the burden of proving standing. *31 Foster Children v. Bush,* 329 F.3d 1255, 1265 (11th Cir. 2003).

Plaintiffs lack standing because any injury from the alleged overcharge was suffered by their counsel (who paid for the medical records) and not them. For example, Kologe alleges and the exhibits attached to the Complaint show that (1) Kologe's counsel requested the medical records and (2) HealthPort sent Kologe's counsel, and not Kologe, the invoice for those records, which Kologe's counsel presumably paid.[4]  *See* Complaint ¶¶ 50-57, Exs. H, J.

Where, as here, an alleged overcharge was paid by Plaintiff's counsel, and not the Plaintiff, the Plaintiff lacks standing. *See, e.g., Spiro v. Healthport Techs., LLC*, 73 F. Supp. 3d 259 (S.D.N.Y. 2014); *Carter v. Healthport*, No. 14-cv-6275, 2015 WL 1508851 (W.D.N.Y. Mar. 31, 2015); *McCracken v. Verisma Systems, Inc.*, No. 14-CV-6284T, 2015 WL 23754544 (W.D.N.Y. May 18, 2015); *Ebersole v. Conover*, No. 7:08CV00503, 2010 WL 3629581 (W.D. Va. Aug. 27, 2010). Thus, because Plaintiffs did not pay the alleged overcharge, they do not have the cognizable injury required for standing.

## IV. PLAINTIFFS' CLAIMS AGAINST LAWNWOOD AND ST. LUCIE FAIL AS A MATTER OF LAW

### A. Plaintiffs Wilcher and Power Assert No Claims Against Lawnwood or St. Lucie.

Plaintiffs Wilcher and Power make no allegations against Lawnwood or St. Lucie. *Supra* at 1-2. Yet, because the Counts are brought on behalf of all Plaintiffs and purport to seek relief against the "Defendants" generally, the Complaint could be construed as including claims by

---

[4] While the Complaint is intentionally vague as to who paid HealthPort's invoice, Plaintiffs do not plead that they actually paid the invoices. In fact, the Complaint and exhibits confirm that the only reasonable conclusion is that Plaintiffs' counsel requested the medical records, was invoiced for the medical records, and paid for the medical records.  *See, e.g.*, Compl. ¶¶ 51-53, Ex. H; *Waithe v. Arrowhead Clinic, Inc.*, 491 F. App'x 32, 38-39 (11th Cir. 2012) (dismissal affirmed where only one factual conclusion could be reached from the pleadings).

5

Wilcher and Power against Lawnwood and/or St. Lucie.[5]  For the avoidance of doubt, Lawnwood and St. Lucie request that this Court dismiss the claims of Wilcher and Power to the extent they can be construed as including any claims against Lawnwood and/or St. Lucie.

### B. Plaintiffs Are Not Entitled to A Declaratory Judgment Against Lawnwood or St. Lucie.

In Count One, Plaintiffs seek a declaratory judgment as to whether the fees HealthPort charges for medical records comply with HIPAA or applicable state laws.  Complaint ¶¶ 70-85.  But, Plaintiffs have no basis to seek a declaratory judgment **against Lawnwood or St. Lucie** because these defendants have not charged or threatened to charge Plaintiffs (or any member of the putative class) for medical records.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  *See* 28 U.S.C. § 2201.  In *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007), the Supreme Court held that the "case of actual controversy" requirement is met only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  The Supreme Court emphasized that the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and

---

[5] By failing to specify which Plaintiffs are asserting which claims against which Defendants, the Complaint is a form of "shotgun pleading" that has been criticized by the Eleventh Circuit and this Court.  *See, e.g., Gubanova v. Miami Beach Owner, LLC*, No. 12-22319-CIV, 2013 WL 6229142, at *6 (S.D. Fla. Dec. 2, 2013) (J. Rosenberg) (a "quintessential shotgun pleading" is one which "names multiple defendants, all of whom are charged in each count with no distinction made among [them]"); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *Magulata v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

that it must be "'real and substantial' . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985). Rather, to satisfy the "actual controversy" requirement, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).

Here, Plaintiffs have not shown and cannot show that there is an "actual controversy" that is "real and substantial" **between Plaintiffs and Lawnwood or St. Lucie**. Indeed, the Complaint is devoid of a single allegation that either Lawnwood or St. Lucie has charged or threatened to charge any of the Plaintiffs for medical records. Rather, to the extent there is an alleged controversy over the amount that can be charged for medical records, that controversy is between Plaintiffs and HealthPort. *See, e.g.,* Complaint ¶¶ 52, 56 (alleging that HealthPort "demanded" payment for records"); *Id.* ¶¶ 63-66 (alleging that HealthPort may charge $0.25/page for records and that "HealthPort refus[ed] to provide records").

While the Complaint, on its face, makes clear that there is no controversy between Plaintiffs and Lawnwood or St. Lucie, to ensure there is no doubt, Lawnwood and St. Lucie hereby stipulate that they are not seeking, and will not seek in the future, any fees from any of the Plaintiffs in connection with any medical records referenced or identified in the Complaint.[6] Thus, as between Plaintiffs and Lawnwood or St. Lucie, there is no "actual controversy."

---

[6] Lawnwood and St. Lucie do not waive, but rather reserve the right to seek, attorneys' fees and expenses relating to having to defend this lawsuit.

7

Plaintiff Kologe further lacks standing to seek declaratory relief because his claims relate to past conduct; *i.e.*, that he allegedly overpaid for medical records. Where, as here, a plaintiff's factual allegations relate to past conduct, declaratory relief is unavailable:

> The district court also did not err in dismissing Holt's claims for declaratory and injunctive relief. All of Holt's factual allegations related to past conduct, he made no allegation of a continuing injury, and the possibility that he will be subject to criminal prosecution in the future is insufficient to state a claim for declaratory relief. *See Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir.1985) ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments."); *see also Malowney v. Fed. Collection Deposit Group,* 193 F.3d 1342, 1348 (11th Cir. 1999) ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment."). In order to warrant injunctive relief, the party must demonstrate a substantial likelihood of irreparable injury, which is "neither remote nor speculative, but actual and imminent." *Siegel v. LePore,* 234 F.3d 1163, 1176–77 (11th Cir.2000) (*en banc* ) (citation and quotation marks omitted).

*Holt v. Crist*, 233 Fed. App'x 900, 903-04 (11th Cir. 2007).

Under that same case law, Plaintiff Heaton also lacks standing to obtain declaratory relief because she has not even attempted to order medical records, and thus her alleged injury is, at best, hypothetical and speculative. *Id. See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (hypothetical injury is not enough to confer standing); *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006) (claim that plaintiff may "in the future" take action insufficient to confer standing); *Emory,* 756 F.2d at 1552 ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments."). And, whatever controversy hypothetically exists with respect to any medical records Plaintiff Heaton may order, that controversy is between Plaintiff Heaton and HealthPort (not Lawnwood or St. Lucie).

### C. Plaintiffs' Reformation Claim Fails Because Plaintiffs Have No Contract With Lawnwood or St. Lucie.

In Count Two, Plaintiffs seek reformation of their contract to obtain medical records. Complaint ¶ 94 ("The contracts should be reformed"). Neither Lawnwood nor St. Lucie is mentioned in this count, presumably because Plaintiffs do not and cannot allege they contracted with Lawnwood or St. Lucie to obtain medical records. *See, e.g., In re Taylor, Bean & Whitaker Mortg. Corp.*, No. 3:09-bk-7047, 2011 WL 5326534, at *4 (Bankr. M.D. Fla. Oct. 26, 2011) ("an agreement is a necessary element for a reformation of contract claim"); *KT Holdings USA, Inc. v. Akerman, Senterfitt & Edison*, 34 So.3d 61, 69 (Fla. 3rd D.C.A. 2010) ("the reformation proponent must prove the existence of the prior agreement by clear and convincing evidence."). Nonetheless, Count Two makes an improper shotgun pleading against all Defendants, in contravention of Eleventh Circuit rules. *Supra* at n. 5. Thus, in an abundance of caution, Lawnwood and St. Lucie ask this Court to dismiss the reformation count as to them.

### D. Plaintiffs Have Not Pled, and Cannot Truthfully Plead, the Elements of An Unjust Enrichment Claim Against Lawnwood or St. Lucie.

Plaintiffs' unjust enrichment claim (Count Three) consists of nothing more than three paragraphs that, at best, "offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' which are insufficient to survive a motion to dismiss." Complaint ¶¶ 96-98; *Twombly*, 550 U.S. at 555. Indeed, this Court has dismissed claims where, as here, a plaintiff simply incorporates all of the prior allegations by reference, without even attempting to identify any facts allegedly supporting the cause of action. *See, e.g., Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*, No. 05-60055-CIV., 2011 WL 1232986 (S.D. Fla. Mar. 30, 2011) (dismissing unjust enrichment claim based on "conclusory" allegations); *Ward v. JP Morgan Chase Bank*, No. 13-61554-CIV., 2013 WL 5676478, at *1 (S.D. Fla. Oct. 18, 2013)

(dismissing claim that fails to "link each cause of action to its factual predicates"); *Pominansky v. Jarj Const. Corp.*, No. 07-21530-CIV., 2007 WL 2900275 (S.D. Fla. Oct. 2, 2007) (same).

Critically, Plaintiffs' unjust enrichment claim makes no allegations against Lawnwood or St. Lucie, and thus does not satisfy the elements of an unjust enrichment action as to them. To state a claim for unjust enrichment:

> [A] plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted the benefit or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

*Baptista v. JP Morgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011). "It is axiomatic that there must be a benefit conferred before unjust enrichment exists." *Henry M. Butler, Inc. v. Trizec Props., Inc.*, 524 So. 2d 710, 712 (Fla. 2d D.C.A. 1988).

Here, Plaintiffs fail to state a claim for unjust enrichment because they have failed to plead any alleged benefit directly conferred upon Lawnwood or St. Lucie. Rather, the Complaint alleges that **HealthPort** alone billed and received the payments for medical records. Complaint ¶¶ 41-42, 51-53.

Moreover, Plaintiffs' unjust enrichment claim fails as a matter of law because it is dependent upon whether the charges were excessive; *i.e.*, wrong. Under Florida law, "[a]s soon as a claimant relies on a wrong to supply the unjust factor…'the right on which [the plaintiff] relies arises from that wrong, **not from unjust enrichment**." *Guyana Tel. & Tel. Co. v. Melbourne Int'l Communs., Ltd.*, 329 F.3d 1241, 1245 (11th Cir. 2003) (emphasis added). Thus, where, as here, a plaintiff relies on a wrong to supply the unjust fact, "the causative event is a wrongful enrichment rather than an unjust enrichment". *Flint v. ABB, Inc.* 337 F.3d 1326, 1330 n.2 (11th Cir. 2003). In that event, "the Plaintiffs' right of recovery, if any, arises from the wrong

of the alleged tort rather than unjust enrichment." *Electrostim Medical Services, Inc. v. Lindsey*, No. 8:11-cv-2467-T-33 , 2012 WL 1560647, at *4 (M.D. Fla. May 2, 2012) (*quoting Tilton v. Playboy Entertainment Group, Inc.*, No. 8:05-cv-692-T-30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007)).

*Tilton* is on point. In that case, the defendants were sued for allegedly violating federal statutes pertaining to filming minors. *Tilton*, 2007 WL 80858, at *1-2. The court dismissed the unjust enrichment claim because it was dependent upon whether the alleged conduct violated statutory law:

> Further, Plaintiff has improperly based her claim for unjust enrichment upon the wrongful conduct of Defendants. Plaintiff's right of recovery, if any, for the alleged wrongful conduct of Defendants arises from a violation of statutory law. Since the law of unjust enrichment is concerned solely with enrichments that are unjust independently of alleged wrongs, Plaintiff's unjust enrichment claims must be dismissed. *See Tenet* at 1309. Accordingly, Defendants' motion to dismiss Count 41 pursuant to Rule 12(b)(6) is granted with prejudice.

*Id.* at *3.

Here, Plaintiffs' unjust enrichment claim is entirely dependent upon whether the medical record fees exceeded the amount permitted by law. *See, e.g.,* Complaint ¶ 97 (alleging that the fees are "in excess of what Defendants were legally entitled to be paid"); *Id.* ¶ 109 (referring to fees as being "more than that lawful amount"). Thus, because Plaintiffs' unjust enrichment claim "aris[es] from the wrong of the alleged tort," it must be dismissed. *Tilton*, 2007 WL 80858, at *3.

### E. Plaintiffs' Conversion Claim Fails Against Lawnwood and St. Lucie Fails As A Matter of Law.

Like their unjust enrichment claim, Plaintiffs' conversion claim (Count Four) is nothing more than three paragraphs that "offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" which are insufficient to survive a motion to dismiss. Complaint

11

¶¶ 99-101; *Twombly*, 550 U.S. at 555.  Noticeably absent from Plaintiffs' conversion claim are any allegations that state a cause of action against either Lawnwood or St. Lucie.

"Under Florida law, conversion is an unauthorized act which deprives another of his personal property permanently or for an indefinite time."  *Small Bus. Admin. v. Echevarria*, 864 F. Supp. 1254, 1262 (S.D. Fla. 1994).  Here, Plaintiffs' conversion claim fails because Plaintiffs have not pled any "unauthorized act" **committed by Lawnwood or St. Lucie.**  Plaintiffs have also failed to identify any "personal property" of which **Lawnwood or St. Lucie** deprived them. Rather, Plaintiffs allege that HealthPort both committed the allegedly unauthorized act of overcharging for medical records and received their personal property; *i.e.*, money.  Complaint ¶¶ 99-101.

Plaintiffs' conversion claim fails for the additional reason that "[t]he law in Florida is clear – a simple monetary debt generally cannot form the basis of a claim for conversion." *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d D.C.A. 2011).  In those limited instances where a debt can support a conversion claim, "in order for there to be a conversion where money is involved, 'there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified'."  *Id*.  Indeed, "a cognizable claim for conversion of money lies only if the money is kept separate."  *Intabill, Inc. v. Elie*, 2009 WL 3232520, at *2 (M.D. Fla. Sept. 29, 2009).  Thus, for example, in *Financial Business Equipment Solutions, Inc. v. Quality Data Systems, Inc.*, No. 08-60769-CIV., 2008 WL 4753710, at *4 (S.D. Fla. Oct. 27, 2008), this Court dismissed a conversion claim when the allegedly converted funds were not required to be kept separate:

> Defendant asserts that Plaintiff has failed to sufficiently plead a claim for conversion of money because the specific money is not identified. Plaintiff argues that the Complaint identifies the funds by the $200.00 added to the purchase price of the machines "traceable through invoices and bank records." Complaint, ¶¶ 47, 50. While Plaintiff may have done

>the minimum to identify the **amount** of the money allegedly converted, Plaintiff has not sufficiently identified the specific funds, nor shown "an obligation to keep intact or deliver the specific money in question," which is not met by simply demanding return of the money. *Florida Desk,* 817 So.2d at 1061. There was no obligation in this case to separate out the alleged undisclosed fee obtained by Defendant. Therefore, the motion to dismiss is granted as to the conversion claim.

*See also Walker*, 59 So. 3d at 190 (dismissing conversion claim because allegedly converted funds were not required to be held in a separate account or in trust)*; Gasparini v. Pordomonigo*, 972 So. 2d 1053, 1056 (Fla. 3d D.C.A. 2008) (same).

Here, as in *Walker, Financial Business Equipment* and *Gasparini*, even if Plaintiffs' counsel paid Lawnwood or St. Lucie for medical records (he did not), Plaintiffs' conversion claim fails because there was no obligation for Lawnwood or St. Lucie to hold Plaintiffs' funds in a separate, identifiable manner.

### F.   Plaintiffs Have Failed to Plead A Viable FDUTPA Claim Against Lawnwood or St. Lucie.

In Counts Five and Seven, Plaintiffs contend that Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Complaint ¶¶ 102-115.  But, again, none of the allegations in this Count even mention Lawnwood or St. Lucie by name, let alone identify any alleged misconduct on their part.  In fact, Paragraph 18 actually disclaims liability for St. Lucie and Lawnwood on this Count, pleading instead that Plaintiffs bring this "deceptive and unfair trade practices claim" only against "Defendant, HealthPort." *Id.* ¶ 18.

FDUTPA declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).  To state a cause of action for injunctive relief under FDUTPA, a party must allege (1) a deceptive act or unfair practice; and (2) that the party was aggrieved by the act or practice.  *Macias v. HBC of Florida*, 694 So. 2d 88, 90 (Fla. 3d D.C.A. 1997).   To obtain damages, Plaintiffs must also allege causation and actual damages.  *In*

13

*re David*, Nos. 05-31673, 05-3078, 06-1246, 2008 WL 2222069 (Bankr. S.D. Fla. May 21, 2008).

Plaintiffs' FDUTPA claim against Lawnwood and St. Lucie fails as a matter of law because Plaintiffs have not pled any "deceptive act or unfair practice" that **Lawnwood or St. Lucie** allegedly engaged in. Rather, the Complaint consists primarily of a "[f]ormulaic recitation of the elements under FDUTPA using conclusory statements," which "is not enough to state a cause of action." *Varnes v. Home Depot, U.S.A., Inc.*, No. 3:12-cv-622, 2012 WL 5611055 (M.D. Fla. Nov. 15, 2012). To the extent the Complaint even arguably contains anything more than formulaic recitation of the elements of a FDUTPA claim, the allegations are directed at HealthPort.[7] Plaintiffs have not, and cannot, identify any allegedly "deceptive or unfair practice" **Lawnwood or St. Lucuie** engaged in. *See, e.g., Zlotnick v. Premier Sales Group, Inc.*, 431 F. Supp. 2d 1290, 1296 (S.D. Fla. 2006) (dismissing FDUTPA claim where plaintiff failed to pled any unfair practice by third-party).

Plaintiffs' FDUTPA claims are also barred as a matter of law because the alleged overcharges were contained within the terms of their contract with HealthPort. Complaint ¶¶ 32, 41, 51, 55. "[U]nder FDUTPA, a cause of action cannot exist for behavior that complies with the terms of a contract." *Amar Shakti Enter., LLC v. Wyndham Worldwide, Inc.*, No. 6:10-cv-1857, 2011 WL 3687855, at *3 (M.D. Fla. Aug. 22, 2011); *Zlotnick*, 431 F. Supp. 2d at 1296 (dismissing FDUTPA claim where alleged unfair practice "complied with the terms" of the parties' agreement).

---

[7] While Count Five broadly alleges that "Defendants" improperly charged excessive fees, that allegation is just another example of Plaintiffs failure to properly distinguish between Defendants in the Counts. *Supra* at n. 5. The exhibits to the Complaint prove that HealthPort (not Lawnwood or St. Lucie) charged the fees.

14

### G. Plaintiffs' FCCPA Claim Fails Because Lawnwood and St. Lucie Did Not Engage in "Collecting Consumer Debt".

In Count Six, Plaintiffs assert a four-paragraph claim alleging that "Defendants" have "attempted to collect an unlawful debt" in violation of the Florida Consumer Collection Practices Act ("FCCPA").  Complaint ¶¶ 116-119.  Plaintiffs' FCCPA claim fails as a matter of law for several reasons.

First, as with their other claims, Plaintiffs simply recite the elements of an FCCPA claim, but fail to allege any specific facts or evidence, particularly as to Lawnwood or St. Lucie. *Arriola v. Syndicated Office Systems, Inc.*, No. 09-21626-CIV., 2010 WL 717583, at *2 (S.D. Fla. Mar. 1, 2010) (dismissing FCCPA claim that contained "conclusory allegations"); *In re Lamb*, 409 B.R. 534, 541 (Bankr. N.D. Fla. June 15, 2009) (dismissing FCCPA claim based on "bare assertions that the elements of this cause of action have been met").  Significantly, "[t]he FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action," and therefore "[t]he Plaintiff must plead some basic facts to support its conclusory allegations of knowledge or intent."  *In re Lamb*, 409 B.R. at 541.  Yet, here, Plaintiffs have not pled any facts "support[ing] its conclusory allegations of [Lawnwood's or St. Lucie's] knowledge or intent."  *Id.*  Rather, Plaintiffs have simply made the conclusory allegation that "Defendant knows that it cannot charge a patient or legal representative more than its actual costs for copies of medical records but has attempted to collect and has collected more than that lawful amount."  Complaint ¶ 109.  This Court has rejected precisely that type of conclusory allegation in the context of an FCCPA claim:

> To plead a FCCPA claim, a party must allege "knowledge or intent by the debt collectors in order to state a cause of action." *Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355, 1363 (S.D.Fla. 2000). **Simply pleading that Defendant had knowledge is not enough**. Under Florida law, "the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *In re Cooper,* 253 B.R. 286, 290 (N.D. Fla. 2000). A pleading

15

> must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff states "Plaintiff is not required to prove her entire case in her Complaint, she is only required to put Chase on notice of her claims. Thereafter, Plaintiff should be allowed to conduct discovery to develop her case." (Pl.'s Resp. to Mot. to Dismiss 21). Plaintiff cites no case law to support this contention. **Nowhere in Plaintiff's Amended Complaint does Plaintiff plead <u>facts</u> that Chase or Chase Home Finance had knowledge that it was pursuing a debt that it was not legally entitled to. Moreover, Plaintiff fails to identify in what way Chase Home Finance specifically threatened to take adverse action against Plaintiff. Plaintiff's Amended Complaint only contains conclusory allegations, and <u>is not supported by the facts necessary to establish her case</u>**, or put Chase and Chase Home Finance on notice as to the specific alleged violations. Accordingly, Chase Home Finance's Motion to Dismiss Count XIV is granted with prejudice, and the Court dismisses Count VIII with prejudice *sua sponte*.

*Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309-10 (S.D. Fla. 2009) (emphasis added).

A second, independent basis for dismissing Plaintiffs' FCCPA claim against Lawnwood and St. Lucie is that such claims can only be brought for actions taken in connection with "collecting consumer debts." Fla. Stat. § 559.72(9). Plaintiffs have not pled, and cannot show, that Lawnwood or St. Lucie ever attempted to "collect[] consumer debts" in connection with medical records. Rather, as shown by the exhibits attached to the Complaint, HealthPort (and not Lawnwood or St. Lucie) is the entity which sent the invoices and collected the amounts due. Because Plaintiffs have not pled that Lawnwood or St. Lucie took any action while "collecting consumer debts," Plaintiffs' FCCPA claim fails.

### H. The Voluntary Payment Doctrine Bars Plaintiffs' Claims.

Finally, Plaintiffs' claims are barred by the voluntary payment doctrine:

> It is a well-recognized rule that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered back, and this is true even though the claim thus paid was illegal; the theory of law being that, if a party would resist an unjust demand, he must do so at the threshold, and such resistance should precede payment.

16

*Sanchez v. Time Warner, Inc.*, No. 98-211-CIV-T-26A, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998) (*quoting McMullen v. Inland Realty Corp.*, 152 So. 740 (Fla. 1933)).  Here, the voluntary payment doctrine precludes Plaintiffs' claims against Lawnwood and St. Lucie because (i) Plaintiffs' counsel made the payment to HealthPort voluntarily; (ii) Plaintiffs and their counsel had "knowledge of the facts" (including the alleged "fact" that the payment was excessive, given that the statute Plaintiffs rely upon is publicly available) and (iii) there is no contract between Plaintiffs and Lawnwood or St. Lucie.[8]

## V.     CONCLUSION

For the reasons set forth above, Lawnwood and St. Lucie respectfully request that this Court dismiss the Complaint as to them in its entirety with prejudice.

Respectfully submitted this 22nd day of September, 2015.

        /s/  Edward M. Waller, Jr.
Edward M. Waller, Jr., FBN 0106341
edward.waller@bipc.com
John Emmanuel, FBN 0475572
John.emmanuel@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
P.O. Box 1438
Tampa, Florida 33601
Tel: 813-228-7411
Fax: 813-229-8313

-and-

---

[8] The "narrow" statutory exception to the voluntary payment doctrine does not apply here because, *inter alia*, there is no contract between Plaintiffs and Lawnwood or St. Lucie. Fla. Stat. § 725.04; *Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, No. 5:05-CV-260, 2007 WL 1114045, at *3 (M.D. Fla. Ap. 12, 2007) (referring to § 725.04 as a "narrow exception").

        Steven J. Rosenwasser (*pro hac vice* forthcoming)
        rosenwasser@bmelaw.com
        Georgia Bar No. 614908
        Patrick C. Fagan (*pro hac vice* forthcoming)
        fagan@bmelaw.com
        Georgia Bar No. 387016
        BONDURANT MIXSON & ELMORE, LLP
        3900 One Atlantic Center
        1201 West Peachtree Street
        Atlanta, Georgia 30309
        Tel: 404-881-4100
        Fax: 404-881-41111

        *Counsel for Defendants, Lawnwood Medical Center, Inc. and HCA Health Services of Florida, Inc. d/b/a St. Lucie Medical Center*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused the foregoing **DEFENDANT LAWNWOOD MEDICAL CENTER, INC.'S AND HCA HEALTH SERVICES OF FLORIDA, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record that have appeared in this case.

    Submitted this 22nd day of September, 2015.

                                        /s/ Edward M. Waller, Jr.
                                        Edward M. Waller, Jr.

48063810v1